UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN JOHNS,

                              Plaintiff,        CIVIL CASE NO. 06-14327

v.

STERLING JEWELERS, INC.,                HONORABLE PAUL V. GADOLA
                                                                    U.S. DISTRICT JUDGE
                             Defendant.
_____/

## ORDER

Plaintiff Kathleen Johns filed suit on September 29, 2006, alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and retaliation for requesting time off under the FMLA, both allegedly arising out of her former employment with Defendant Sterling Jewelers, Inc. Now before the Court is Defendant's motion to stay proceedings, filed on November 1, 2006. Plaintiff has not filed a response.

Eastern District of Michigan Local Rule 7.1 requires that a "respondent opposing a motion **must file a response**, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(2)(B) requires that responses to non-dispositive motions are due within fourteen (14) days of service of the motion. E.D. Mich. L.R. 7.1(d)(2)(B). Accordingly, the response to Defendant's motion was due on approximately November 20, 2006. *See* Fed. R. Civ. P. 6(e). Since no response has been filed, the Court must assume that Plaintiff does not oppose the motion. *See* E.D. Mich. L.R. 7.1(b).

Defendant argues that this Court should stay the proceedings of this Court because, under an employment agreement between Plaintiff and Defendant, Plaintiff's FMLA claims are subject to a mandatory binding alternative dispute resolution program known as "RESOLVE."

The Federal Arbitration Act, *see* 9 U.S.C. §§ 1-15, establishes a liberal policy in favor of arbitration. *EEOC v. Waffle House, Inc*., 534 U.S. 279, 288-89 (2002). Arbitration agreements in the employment context are enforceable. *Circuit City Stores Inc. v. Adams*, 532 U.S. 105, 112 (2001). Even when claims arise pursuant to statutory rights, a court has a duty to enforce a valid arbitration agreement under the FAA. *See Stout v. J.D. Bryider*, 228 F.3d 709, 715 (6th Cir. 2001). When a plaintiff has filed an action in a judicial forum after having previously agreed to resolve his or her claims through arbitration, a court must stay the judicial proceedings. 9 U.S.C. § 3; *Burden v. Check Into Cash of Ky., LLC*, 267 F.3d 483, 488 (6th Cir. 2001) (*citing Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967)).

A determination of whether to stay proceedings and compel arbitration requires a two-step inquiry. First, the Court must determine whether the parties entered into a valid and enforceable agreement to arbitrate. *AT&T Techs., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 649 (1986). Second, the Court must ascertain whether the claims asserted fall within the scope of the arbitration agreement. *Id.* When ambiguities exist as to the parties' intentions, those ambiguities should be resolved in favor of arbitration. *Stout*, 228 F.3d at 715.

In the instant case, Defendant Sterling notified all employees, through written materials, employee meetings, and workplace posters, that participation in the RESOLVE program was mandatory. Plaintiff subsequently chose to remain employed with Sterling even after being so notified. Plaintiff's continued employment is therefore construed as her acceptance of the terms of the RESOLVE program. Therefore, the Court finds that there was a valid and enforceable agreement to arbitrate under the RESOLVE program.

The RESOLVE program provides that it applies to, "Violations of federal, state, county, local or other government constitution, statute, ordinance, regulation, public policy or common law affecting economic terms of employment," and to "Retaliation for filing a protected claim . . . or exercising protected rights under any statute." Def. Br., Ex. A, p. 5.  Therefore, because Plaintiff's claims allege violations of the federal FMLA and retaliation for requesting time off under the federal FMLA, those claims squarely fall within the scope of the arbitration agreement and are properly brought under the RESOLVE arbitration program.

Accordingly, the Court being satisfied that Plaintiff has previously agreed to resolve her claims through Sterling Jewelers' RESOLVE arbitration program; Defendant Sterling Jewelers having sought a stay of the judicial proceedings until such arbitration has been completed in accordance with the terms of the program; Plaintiff failing to file any response to Defendant's motion to stay the proceedings in accordance with the terms of the program;

**IT IS HEREBY ORDERED** that Defendant's motion to stay this cause of action [docket entry 5] is **GRANTED**.  This cause of action is **STAYED** until such time as the arbitration proceedings are completed in accordance with the terms of the agreement between Plaintiff and Defendant.

**IT IS FURTHER ORDERED** that it will be the responsibility of each party to **promptly NOTIFY the Court of any resolution** of this cause of action.

**SO ORDERED**.

Dated: December 20, 2006                                s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   December 20, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Rebecca J. Dukes; Isaiah Lipsey, Jr.; Stephen D. Turner            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845